UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDN·
DOCUME·.
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/19

-------------------------------------------------------------- X

AVIONS DE TRANSPORT RÉGIONAL G.I.E.,  :
  :
       Plaintiff,  :  **ORDER DENYING MOTION FOR**
-against-  :  **RECONSIDERATION**
  :
AVIAN LÍNEAS AÉREAS S.A. and SYNERGY  :  19 Civ. 6769 (AKH)
AEROSPACE CORP.,  :
  :
       Defendants.  :

-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendants move[1] for reconsideration of the Court's November 12 and 13, 2019

orders, ECF Nos. 34, 35, denying Defendants' motion to vacate the entry of default and granting

Plaintiff's cross-motion for entry of default judgment, respectively. *See* ECF No. 36. The facts

and procedural history underlying this dispute are described in detail in the Court's November 12

order. *See* ECF No. 34. Familiarity therewith is assumed. For the reasons below, Defendants'

motion for reconsideration is denied.

    "A motion for reconsideration should be granted only when the defendant

identifies 'an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov,*

*Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v.*

*Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)). "Reconsideration of a previous order

by the court is an extraordinary remedy to be employed sparingly in the interests of finality and

conservation of scarce judicial resources." *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187

F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quotation marks omitted). Motions for reconsideration

---

[1] Defendants move pursuant to Federal Rules of Civil Procedure 55 and 60, and Local Civil Rule 6.3. *See* ECF No.
36, at 1.

are "not intended to be [] vehicle[s] for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Nguyen v. MaxPoint Interactive, Inc.*, No. 15-cv-6880, 2017 WL 3084583, at *1 (S.D.N.Y. May 12, 2017)

Defendants submit a 43-page brief that does not, anywhere, specifically identify controlling law or new evidence overlooked by the Court, or clear error in the order denying the motion to vacate default.[2] *See* Local Rule 6.3 (parties must "set[] forth *concisely* the matters or controlling decisions which counsel believes the Court has overlooked."). Instead, Defendants either improperly attempt to introduce new arguments that were available when they made their motion to vacate or seek to relitigate issues already decided in this Court's last order. And while Defendants do—for the first time—point the court to specific language in the sale and purchase agreements that they purport requires arbitration of the claims at issue here, *see* ECF No. 36, at ¶ 8, the Court notes that (a) only one of the two Defendants is party to these agreements, (b) the promissory notes upon which Plaintiff sought recovery in this action contain unambiguous forum selection clauses affixing jurisdiction in New York-based federal courts with respect to the notes at issue in this Court's prior orders, and (c) whatever the merits of Defendants' newly developed

---

[2] The only arguable exception is Defendants' claim that their willful delay is justified by their counsel's own lackadaisical pursuit of *pro hac vice* admission in this Court. The Court did not specifically address this in its prior ruling because Defendants' earlier briefing cited no authority, much less authority of the persuasive kind, for the proposition that counsel's pursuit of *pro hac vice* admission—made a full month after being retained—can excuse the willful disregard of court deadlines, or otherwise counteract a compelling case for imposition of default on the "prejudice" and "availability of meritorious" defenses grounds. *See* ECF Nos. 27, 31. I note now that, in their motion for reconsideration, Defendants cite only to Local Civil Rule 1.3 and *Erbacci, Cerone, and Moriarty, Ltd. v. U.S.*, 923 F.Supp. 482, 486 (S.D.N.Y. 1996). The prior merely sets forth the requirements for *pro hac vice* admission and the latter, a case which did not concern default or the relevance of *pro hac vice* admission thereto, denied a motion filed by lawyers who had not yet received *pro hac vice* admission because these "attorneys had ample time to seek admission *pro hac vice.*" 923 F.Supp. at 486. In any case, as Plaintiff points out, if Defendants were interested in timely defending this action, they could have either retained counsel admitted to practice in this Court, or could have had their chosen counsel make an oral motion for *pro hac vice* admission, *see* Instructions for Admission Pro Hac Vice, https://nysd.uscourts.gov/attorney/prohac (last visited Dec. 19, 2019).

arbitration argument, the Court would still find Defendants' willful default and the risk of prejudice to Plaintiff to warrant denial of Defendants' motion to vacate the default. Indeed, Defendants' motion for reconsideration repeatedly refers to the dire financial situation of both Defendants, bolstering the Court's earlier finding that further delay is likely to prejudicially limit Plaintiff's ability to recover *See, e.g.,* ECF No. 36, at 4 ("Avian's financial difficulties"), 6 (referring to Avian's bankruptcy), 7 n.4 ("Synergy's difficult financial situation"), 23 ("There is no evidence that either Avian or Synergy have any funds available to collect upon.").

## Conclusion

Defendants' motion for reconsideration is denied. The Clerk shall terminate the open motion (ECF No. 36).

SO ORDERED.

Dated:     December/9, 2019
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge